U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 MAY 28 AM 10: 10

CLERK
BY ammn
DEPUTY CLERK

UNITED STATES DISTRICT COURT
for the
DISTRICT OF VERMONT

CHARLES E. OLANYK,             )
                               )
        Plaintiff,             )
                               )
v.                             )   Civil Action No. 1:04cv133
                               )
JOHN R. BOOKWALTER, M.D.,      )
                               )
        Defendant.             )

COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1.      The plaintiff, Charles Olanyk, seeks damages, costs, and pre and post-judgment interest for the pain and suffering he has and will suffer as a result of the medical negligence of the defendant, John R. Bookwalter, M.D.

2.      This court properly has diversity jurisdiction over this matter under 28 U.S.C. §1332 in that: (a) if judgment is entered in favor of the plaintiff, he reasonably expects to recover in excess of $75,000.00, exclusive of costs, and (b) the plaintiff resides outside Vermont and the defendant resides within Vermont, and hence there is complete diversity of citizenship.

II. PARTIES

3.      The plaintiff Charles E. Olanyk is a resident of Whately, Franklin County, Massachusetts.

4.      The defendant John R. Bookwalter, M.D. is a physician licensed to practice medicine in the state of Vermont with an office in Brattleboro, Vermont.

1

5. At all times relevant to this complaint the defendant John R. Bookwalter, M.D. represented himself to be and held himself out to be a physician qualified to diagnose and treat Charles Olanyk's medical problems.

6. More specifically, at all times relevant to this complaint, the defendant John R. Bookwalter, M.D. held himself out to be a knowledgeable vascular surgeon.

### III. FACTS

7. In 1987, Mr. Olanyk began treating with Dr. John R. Bookwalter for treatment of lesions and swelling secondary to lymphedema from a lawnmower roll-over.

8. Mr. Olanyk continued to treat with Dr. Bookwalter through July 10, 2001.

9. On June 13, 2001, Dr. Bookwalter saw Dr. Olanyk for treatment of a burn on his left foot. Mr. Olanyk's foot was grossly edematous with two blisters, one open and one closed.

10. Dr. Bookwalter had blood work performed on Mr. Olanyk on June 13, 2001. The results of the blood work were reported to Dr. Bookwalter on June 15, 2001. Mr. Olanyk had a glucose level of 331, a BUN level of 11 and a creatinine reading of 1.0. His albumin and magnesium levels were 2.9 and 1.6, respectively.

11. Mr. Olanyk next saw Dr. Bookwalter on June 18, 2001. At that time, Dr. Bookwalter: (a) ordered a glycohemoglobin count, and (b) prescribed 4 mg of Avandia a day and 500 mg of Glucophage twice a day.

12. Dr. Bookwalter received the report of the glycohemoglobin count on June 18, 2001. It was 11.7.

13. Mr. Olanyk next saw Dr. Bookwalter on June 26, 2001. At that time, Dr. Bookwalter noted a "6 cm black area on the medial aspect of his anterior heel" and "a deeper lesion which is already opened at the tip of this heel."

14. At Mr. Olanyk's next visit on July 3, 2001, Dr. Bookwalter noted that the third degree burns on the sole of his foot comprised "an area about 8 x 10 cm in area." In his chart note, Dr. Bookwalter states, "This is a very threatening thing for Charlie. This foot is at risk if it gets infected."

15. Mr. Olanyk next saw Dr. Bookwalter on July 6, 2001. At that visit, Dr. Bookwalter noted that the area on his heel was still necrotic.

16. Mr. Olanyk's last visit with Dr. Bookwalter was on July 10, 2001. Dr. Bookwalter noted that there was still an 8 x 10 area of necrotic tissue on the sole of his foot.

17. On July 13, 2001, three days after his last visit with Dr. Bookwalter, Mr. Olanyk fell, could not get up and was transported by ambulance to Cooley Dickinson Hospital in extreme distress from diabetic ketoacidosis.

18. On July 18, 2001, an emergency below-the-knee amputation was performed. Upon discharge from Baystate Medical Center, Mr. Olanyk was transferred to a rehabilitation center for long-term recovery.

19. Mr. Olanyk still suffers from the after-effects of his diabetic coma in a variety of ways, including but not limited to: (a) drop foot on his left side, (b) significant neuropsychological deficiencies, (c) the resultant effects from his amputation, and (d) loss of enjoyment of life.

20. Mr. Olanyk has incurred and will continue to incur significant monetary losses as a result of Dr. Bookwalter's negligence, including but not limited to hospital bills, doctor bills, lost earnings and lost earning capacity.

## IV. COUNT ONE: NEGLIGENCE

21. Paragraphs 1 through 20 of the complaint are reasserted and realleged as though fully set forth herein.

22. The defendant John R. Bookwalter, M.D. was negligent in his treatment of the plaintiff, including but not limited to the fact that he failed to insure that: (a) the burn on Mr. Olanyk's foot was debrided and (b) Mr. Olanyk was properly treated with antibiotics.

23. The defendant John R. Bookwalter, M.D.'s diagnosis and treatment of the plaintiff were departures from good medical practice.

24. As a direct and proximate result of the defendant John R. Bookwalter, M.D.'s negligence, the plaintiff has suffered permanent injury.

25. As a direct and proximate result of the defendant John R. Bookwalter, M.D.'s negligence, the plaintiff has suffered and will continue to suffer great pain and anguish of mind and body, as well as the monetary and other types of losses and damages set forth above.

WHEREFORE, the plaintiff Charles E. Olanyk prays that this court:

1. Award judgment against the defendant John R. Bookwalter, M.D.;

2. Grant the plaintiff an award of monetary damages in the amount to be determined by the jury in excess of the jurisdictional minimum of $75,000.00;

3. Award the plaintiff costs, pre-judgment interest and post-judgment interest; and

4.   Grant such other relief as the court deems just and appropriate.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Dated at Bennington, Vermont this 27 day of May, 2004.

By: _____
Stephen L. Saltonstall, Esq.
Barr Sternberg Moss Lawrence
Silver Saltonstall & Scanlon, P.C.
507 Main Street
Bennington, Vermont 05201
(802) 442-6341